GEORGE W. GOODMAN, as Administrator of the Estate of LAWRENCE S. GOODMAN, Deceased, Appellant, *v.* THOMAS P. GILLIGAN et al., Respondents.

Appeal from a judgment of the Supreme Court in favor of defendants, entered February 20, 1951, in Bronx County, upon a verdict rendered at a Trial Term.

*Per Curiam.* The trial of this action presented a sharp question of fact concerning whether plaintiff's intestate, a boy three and one-half years old, ran out from a parked vehicle into the side of defendants' automobile, or whether he had been playing in the center of the street for a sufficient length of time so that in the exercise of reasonable care, the driver should have seen the child and avoided the accident.

The trial court instructed the jury as follows: "The plaintiff has the burden and if, after carefully considering it, you can't determine that the driver was careless, are in doubt as to his carelessness, then plaintiff has not borne the burden of proof and you can't return a verdict for the plaintiff." Prior to this instruction the court had told the jury that a child three and one-half years

of age cannot be chargeable with negligence, but that this " does not relieve the plaintiff, the administrator who brought this action, of establishing to your satisfaction by what we call the preponderance of the evidence that the driver was to blame for the accident and if he does that then of course the Administrator, who has brought this action for the benefit of the next of kin, the parents and the sister, is entitled to recover. If, on the other hand, he doesn't satisfy you that the driver was to blame then there can be no recovery for any amount no matter what the damages were." It is argued to sustain the verdict that the use of the words, " preponderance of the evidence ", overcame the later statement that the plaintiff was required to prove negligence beyond a doubt. The jury would have been more likely, however, to form the impression that the Trial Justice was explaining to them what was meant by a preponderance of the evidence, when he stated that the plaintiff had not borne the burden of proof if the jury were in doubt concerning the carelessness of the driver. This court held in *Bunce* v. *City of New York* (261 App. Div. 838, 839 [2d Dept.]) that a similar " error was not corrected by the charge that the plaintiff was only obligated to prove her case by a fair preponderance of the evidence."

There may have been technical defects in the requests by plaintiff's counsel to charge the jury " that in weighing the evidence they, are to put the believable evidence into the scales of justice and if either scales tip ever so slightly in favor of one side or the other that side prevails ", and that " there is no burden on the part of the plaintiff to say at the time of the injury the jury must be satisfied beyond a reasonable doubt of the cause of action ", but the absolute refusal to charge anything in response to these requests, emphasized without curing the error in the main charge to which exception was duly taken. Neither was that error corrected by charging, as requested, that plaintiff was entitled to recover " if the defendant driver was guilty of negligence, or any negligence, no matter how slight   *   *   *   that caused or contributed to the happening of this accident ". The latter instruction stated the substantive law of negligence, but did not touch upon the degree of proof necessary to establish negligence. The record contains two opposite versions of how this child was killed, one of which indicates, if accepted, that the driver was probably negligent in striking the child, whereas the other is equally strong in its tendency to exonerate the driver from all fault whatever. The jury would have been likely to think that the driver was grossly negligent, or that he was not to blame at all, depending upon the manner in which they found the accident to have happened. They had been instructed, in effect, that they were to find for defendants if they were in doubt concerning which version of the accident was true. It would not affect the standard of judgment to be applied by the jury in determining how the accident happened, to be instructed that if plaintiff's theory of the facts were correct, defendant would be liable even though they considered that on the basis of those facts the driver was only slightly negligent.

We do not intimate how the issue of fact should have been or should be decided, but on account of the error of law which is pressed upon our attention, we are constrained to reverse the judgment appealed from and to grant a new trial, with costs to appellant to abide the event.

Dore, J. P., Cohn, Callahan, Van Voorhis and Bergan, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.